# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEER ELECTRIC, INC. AND STEPHEN
C. LEER

        Plaintiffs,

        v.

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF LABOR &
INDUSTRY, ET AL.,

        Defendants.

NO. 1:08-CV-1785

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Plaintiffs' Motion for Reconsideration (Doc. 28) of this Court's order granting Defendants' Motion for Protective Order and to Quash Plaintiffs' Subpoena. (Docs. 24, 27.)   For the reasons stated below, the Defendants' motions to reconsider will be denied.

## BACKGROUND

A detailed analysis of the factual background involved in this matter is contained within the Court's January 30, 2009 Memorandum and Order (Doc. 23), and therefore is not required to be repeated in its entirety.  Only the relevant facts will be discussed here.

On March 26, 2009, Defendants' Counsel received a subpoena to depose Deputy Chief Counsel James Holzman on April 30, 2009. Plaintiff's Counsel expressed that it believed that all that required to depose anyone was a deposition subpoena. Defendants then filed a Motion for a Protection Order and Motion to Quash Plaintiff's Subpoena.

Holzman is the lead prosecutor in the underlying debarment dispute that gave rise

1

to the federal action at bar. Plaintiffs argued that Holzman's deposition was necessary to develop their theory that the Department of Labor and Industry and improperly commingled prosecutorial, adjudicatory and investigatory functions, thereby violating Plaintiffs' due process rights. Defendants argued that the information from Holzman was being sought for improper purposes and that subjecting Holzman to a deposition would violate the privacy interests implicated by the attorney-client privilege. On July 21st 2009, this Court granted Defendants' Motions, observing that Holzman is not an adjudicator, but only an investigator and prosecutor, thus he did not commingle functions.

## **LEGAL STANDARD**

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence

that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

## DISCUSSION

Plaintiffs have not argued that there is an intervening change in controlling law. Instead, Plaintiffs argue that 1) new documents have become available that were not available when this Court ruled on Defendant's Motion for Protective Order and Motion to Quash Plaintiff's Subpoena, 2) that this Court committed an error of law because Holzman has information relevant to the pending matter and therefore, as a matter of law, can and should be deposed, and 3) that this Court erred by granting the Protective Order in the absence of a showing of good cause.

First, the documents cited by Plaintiffs are not new. In their brief, Plaintiffs admit that these documents were received some time between January and April 2009, well before this Court issued its July 2009 order. Just because Plaintiffs did not review these documents does not mean that they are new. Thus, the Motion to Reconsider will be denied on this ground.

All relevant material is discoverable unless it is subject to an evidentiary privilege. *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). Rule 26(c) grants federal judges the power to issue protective orders to limit the scope or manner of discovery. *Id.* Litigants thus have two choices: 1) assert an evidentiary privilege, in which case the information is "necessarily protected from discovery" or 2) where, the information is not so protected, petition the court for a protective order. *Id.* The burden of persuasion is on the party

3

seeking a protective order to show good cause by demonstrating "a particular need for protection." *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). To show good cause, the party must show the injury with specificity, but need be no more than embarrassment. *Pearson*, 211 F.3d at 72-73 (citations omitted). Privacy interests "are among the proper subjects" for Protective Orders. *Id.* at 72; *see also Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir. 2005) (listing disclosure of privacy interests as a factor in determining whether to issue Protective Order).

By granting Defendants' Motion for Protective Order, this Court did not commit a clear error of law. Plaintiffs' argument that Holzman might have relevant information is not enough to show that a protective order was inappropriate in this case. First, Defendant argued that Holzman's testimony was barred by the attorney-client privilege. This would mean that the information is not discoverable by any means, no matter how relevant. Secondly, information that is relevant and not privileged can still be protected from discovery by Rule 26(c), so long as the party shows injury with specificity; this will qualify as good cause. The Defendant argued that allowing Holzman to be deposed would violate privacy interests. This is good cause sufficient to issue a protective order. Thus, this Court did not commit a clear error of law.

## CONCLUSION

For the reasons stated above, Plaintiffs' motion for reconsideration (Doc. 28) of the Court's July 21, 2009 Order (Doc. 27) will be denied. An appropriate Order follows.


 October 15, 2009                                    /s/ A. Richard Caputo
Date                                                 A. Richard Caputo
                                                     United States District Judge

4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEER ELECTRIC, INC. AND STEPHEN
C. LEER

      Plaintiffs,

          v.

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF LABOR &
INDUSTRY, ET AL.,

      Defendants.

NO. 1:08-CV-1785

(JUDGE CAPUTO)

## ORDER

**NOW**, this __15th__ day of October 2009, Plaintiffs' motion to reconsider (Doc. 28)

the Court's July 21, 2009 Order is **DENIED**.


                      /s/ A. Richard Caputo
                      A. Richard Caputo
                      United States District Judge