**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LEER ELECTRIC, INC. and STEPHEN C. LEER, | |
| Plaintiffs, | CIVIL ACTION NO. 3:08-CV-1785 |
| | (JUDGE CAPUTO) |
| STEPHEN SCHMERIN, ROBERT O'BRIEN, SANDY VITO, A. ROBERT RISALITI, JOSEPH HICKEY, RICHARD SLAGLE, LOUIS BEEMER, PETER VON GETZIE, and JAMES HOLZMAN, | |
| Defendants. | |

## MEMORANDUM

Defendants Schmerin, O'Brien, Vito, and Risaliti ("Schmerin") move the Court to dismiss plaintiff Leer's complaint. Leer, an electrical contractor, alleges that the Pennsylvania Department of Labor and Industry ("DLI") targeted his company because he ran a non-union shop. He further alleges the "debarment" proceeding initiated by the DLI against him for allegedly violating the Prevailing Wage Act ("PWA") was pretextual, and that its real purpose was to force him out of business. Schmerin claims the *Younger* doctrine requires the Court to abstain from adjudicating this suit. This Court's previous order denied defendants' motion to stay the administrative proceeding under *Younger*. Leer argues abstention is inappropriate both for the reasons previously cited by the Court and because *Younger*'s "bad faith" exception applies. The Court agrees and will deny the motion.

## BACKGROUND

Leer Electric, Inc. is a non-union electrical contractor located in Dillsburg, Pennsylvania that has over one hundred employees. Because of Leer's success in

obtaining work on public projects, it alleges the pro-union DLI attempted to drive the company out of business. After a series of audits over four years, the DLI issued an Order to Show Cause ("OSC") in July 2008 and sought debarment. The OSC accused Leer of miscategorizing labor tasks so it could pay its employees less in violation of the PWA. If debarred, Leer would be prohibited from bidding on public contracts for three years. Before the administrative hearing, Leer filed this suit against the DLI and individual defendants. Defendants, citing *Younger*, moved to stay the action pending resolution of the administrative hearing. The Court denied the motion on the grounds that *Younger*'s three requirements were not met (Doc. 22).

After all claims against the DLI and the state law claims against the individual defendants were dismissed, Leer filed an amended complaint, adding new defendants. The amended complaint brought a claim for a permanent injunction, as well as for multiple constitutional violations. In March 2011, the Hearing Examiner in the state proceeding issued his Recommendation. While he found Leer underpaid some employees on several state projects, he concluded it was unintentional. Both sides are currently appealing the Recommendation. Schmerin then moved to have the case dismissed (Doc. 38), again citing *Younger*. Schmerin argues developments in the factual record demonstrate it should apply. Schmerin also claims Sandy Vito should be dismissed from the suit since the amended complaint contains no allegations against her. The motion has been briefed and is ripe for review.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint,

in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint

fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

The Court will not abstain from adjudicating this suit because important state interests are not implicated and *Younger*'s "bad faith" exception applies.

In *Younger v. Harris*, the United States Supreme Court established an abstention doctrine by holding that federal courts may not enjoin pending state criminal proceedings. 437 U.S. 37 (1971). In the line of cases that followed *Younger*, the Supreme Court made it clear that this abstention doctrine is not specific to criminal matters, but also applies to state civil court and administrative proceedings. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987) (holding that federal courts may not enjoin state civil proceedings between private parties); *Ohio Civil Rights Commn. v. Dayton Christian Schools, Inc.*, 477 U.S. 619 (1986) (holding that federal courts may not enjoin stat administrative proceedings when important state interests are involved); *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423 (1982) (first applying *Younger* to state administrative proceedings). "The Younger doctrine ... reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff." *Moore v. Sims*, 442 U.S. 415 (1979) (citing *Samuels v. Mackell*, 401 U.S. 66, 69 (1971)).

Younger abstention is appropriate when three requirements are satisfied: (1) the federal plaintiff is a party in an ongoing state judicial proceeding subject to interference by continued federal court action; (2) the state proceeding implicates important state interests; and (3) the federal plaintiff has an adequate opportunity to raise constitutional challenges in the state court proceedings. *See Middlesex*, 457 U.S. at 432 (collecting and summarizing

authorities to establish a three part test).

Federal claims challenging government action in *enforcing* state law, as opposed to claims challenging the *validity* of the laws themselves, do not implicate important state interests for *Younger* abstention purposes. *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 409 (3d Cir. 2005) (citing *Gwynedd Prop., Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1195 (3d Cir. 1992). In *Addiction Specialists*, state law and a township zoning ordinance restricted where a methadone clinic could be located. Plaintiff sued, claiming the law and ordinance were unconstitutional *and* selectively enforced. Reversing the trial court, the Third Circuit held that granting the injunction would *not* be tantamount to invalidating the policies because determining the selective enforcement claim would not touch the policies' validity. *Addiction Specialists*, 411 F.3d at 410.

Similarly, determining here whether the PLI defendants selectively enforced the PWA would not impugn the law itself. The validity of the PWA is not in question; whether or not, out of animus towards Leer, officials at the DLI used the PWA as a weapon against the company, is. Bracketing the other two requirements, the Court finds this suit does not implicate important state interests.

Furthermore, there are exceptions to the *Younger* doctrine. Federal courts may intervene where the state court proceeding is conducted in bad faith or is motivated by a desire to harass, or where a state statute is flagrantly and patently unconstitutional. *See Huffman v. Pursue, Ltd.*, 420 U.S. 595, 611 (1975). Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass: (1) whether the prosecution is frivolous or undertaken "without a reasonable expectation of obtaining a valid conviction," *Kugler v. Helfant*, 421 U.S. 117, 126 n. 6 (1975); (2) whether it was

motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights, *Younger*, 401 U.S. at 48; and (3) "whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions[.]" *Phelps v. Hamilton*, 59 F.3d 1058, 1065 (10th Cir.1995) (citations omitted).

Leer claims the DLI initiated the administrative proceeding solely to force him out of business. He alleges the DLI, made up of ex-union officials and union advocates, have ramped up prosecutions of non-union businesses, using the PWA to keep them from competing for public contracts. Leer additionally claims the DLI conducted their investigation in an inherently unfair and opaque manner, keeping him in the dark and misleading him into believing the investigation had been dropped while it built its spurious case. In their zeal to have the company debarred, Leer further claims the DLI defendants arbitrarily reclassified employee work and then accused him of purposefully misclassifying it. Based on these allegations, the Court finds Leer has alleged a pattern of harassment which, if proven, falls squarely within *Younger*'s "bad faith" exception.

## CONCLUSION

The Court will deny defendants motion to dismiss on *Younger* grounds because this suit does not implicate important state interests and the "bad faith" exception applies. However, since Leer makes no allegations against Sandy Vito in his amended complaint,

she will be dismissed from the suit.

      An appropriate order follows.


 8/8/11                                                                                     /s/ A. Richard Caputo  
Date                                                                                       A. Richard Caputo  
                                                                                         United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEER ELECTRIC, INC. and STEPHEN C. LEER,

    Plaintiffs,

CIVIL ACTION NO. 3:08-CV-1785

(JUDGE CAPUTO)

STEPHEN SCHMERIN, ROBERT O'BRIEN, SANDY VITO, A. ROBERT RISALITI, JOSEPH HICKEY, RICHARD SLAGLE, LOUIS BEEMER, PETER VON GETZIE, and JAMES HOLZMAN,

    Defendants.

## ORDER

**NOW**, this __8th__ day of August, 2011, **IT IS HEREBY ORDERED** that defendants' motion to dismiss is **DENIED in part and GRANTED in part** as follows:

(1)    Defendants motion for the Court to dismiss based on *Younger* abstention is **DENIED**.

(2)    Sandy Vito is **DISMISSED** from the suit.

                                                          /s/ A. Richard Caputo  
                                                          A. Richard Caputo  
                                                           United States District Judge